Southard J.
This action was originally brought before John Mann, esq. of Essex, who gave judgment in favour of the defendant, on the 15th of August 1816. The plaintiff demanded an appeal which was granted, and made returnable to, and the appeal entered and the papers filed in September term 1816. The appeal was not moved for trial until September term 1817, when as the hearing progressed, the appellee moved to nonsuit the appellant because the paper purporting to be the appeal bond, was not such, having no seals to it. The court overruled the motion and gave the appellant time to perfect the bond; and at the term of April 1818, the bond was again presented, (with seals affixed) filed, and the cause heard, the judgment of the justice reversed, and judgment entered in favour of the plaintiff, for 11 dollars, with costs. Upon these facts the court is now moved to reverse the judgment of the Common Pleas. By the 33rd section of the act constituting courts for the trial of small causes {Bloom. 63) it is provided, that except in certain specified cases, either party may appeal from any judgment, “ to the Court of Common Pleas of the county, to be holden next after the rendering of such judgment;” which appeal is to be granted by the justice “ on the following and no other terms, that is to say, the party demanding such appeal, shall enter into bond to the other party, with at least one sufficient surety, being a freeholder in the county, in double the sum for which judgment was given, conditioned that the appellant shall appear and prosecute the said appeal in the said court, &c. &c. The section next succeeding, declares that the Common Pleas shall have cognizance of these appeals so taken, and directs the the mode of trial. These sections are the only foundation on which appeals rest. They authorise the justice to grant, and the Common Pleas to receive and entertain the appeal. The one has no power to grant nor the other to receive, unless they are strictly complied with. The appeal must be taken to the next Court of Common Pleas; it can be taken to *no future term. A bond in double the judgment, with a sufficient surety, must first be given. Neither court have power to do anything until that bond is executed and tendered.
*581 What then is the present case? a paper, not a bond, was presented to the justice; he received it and the appeal. He erred. The Common Pleas ordered the appeal to be entered and the papers filed. It erred not less, than the justice. Both acted without power or authority, and their errors must be remedied.
But the Common Pleas endeavoured to remedy their own error, by ordering the bond to be perfected, or rather by ordering the bond to be filed, a whole year after the appeal was entered. It has only added one error to another. It had no such power. The order was made in a case, which was really not before it at all; which had no existence in that court. Its power commences only when the bond lias been filed and the appeal regularly made to it. It has nothing to do with directing the bond to be taken ; it has no power to direct its proper execution. The bond must be properly executed; the appeal must be applied for, granted and tendered to the Pleas, at the first term after the judgment, or it cannot proceed at all. All it has to do, is to refuse to enter the appeal and file the papers, and its duties are at an end. It has no saving powers to cure the inattention and indolence and ignorance of suitors, who have neglected to perform those acts, necessary to give it jurisdiction.
The whole proceedings on the appeal are irregular, and must be set aside.